NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN BELOT,<br><br>               Plaintiff,<br><br>    v.<br><br>RITE AID CORPORATION, MARIA ROSA, JOHN & JANE DOE 1–10, and XYZ CORPORATION 1–10,<br><br>               Defendants. | Civ. No. 19-17368<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

      This matter comes before the Court upon a request to remand this case by Defendant Rite Aid Corporation ("Rite Aid"). (ECF No. 9.) Plaintiff does not oppose. (ECF No. 14.) The Court has decided this matter based upon the written submissions of Defendant Rite Aid and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Rite Aid's request to remand is granted.

## BACKGROUND

      This case arises from the termination of Plaintiff from his employment at Defendant Rite Aid (Compl. at 5–6, Ex. A, ECF No. 1),[1] which allegedly stemmed from mistreatment of Plaintiff by Defendant Maria Rosa, a former Shift Manager at one of Defendant Rite Aid's stores (*id.* at 2, 4, 7–9). Plaintiff initially filed this action on August 22, 2019 in the Superior Court of

---

[1] Because the Complaint repeats paragraph numbers throughout, this Opinion refers to the page numbers of the Complaint. The Complaint is an exhibit to the Notice of Removal.

1

New Jersey, Law Division, Monmouth County. (Notice of Removal ¶ 1, ECF No. 1.) On August 28, 2019, Defendant Rite Aid removed to this Court. (Notice of Removal at 4.) On October 9, 2019, Defendant Rite Aid submitted a letter to the Court requesting that the Court remand this case to the Superior Court of New Jersey on the basis of lack of subject-matter jurisdiction. (ECF No. 9.) Defendant Rite Aid filed a proposed order and amended proposed orders upon the Court's request. (ECF Nos. 11, 12, 17.) Plaintiff does not oppose Defendant Rite Aid's request. (ECF No. 14.) Defendant Rite Aid's request to remand is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a). However, the federal court to which the action is removed must have subject-matter jurisdiction. *Id.* Federal district courts have subject-matter jurisdiction on the basis of diversity when the action arises between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To establish complete diversity of citizenship between the parties, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

Subject-matter jurisdiction in this case is premised on diversity of the parties. (Notice of Removal ¶ 4; *see also* Compl. at 10–16 (asserting only state law claims).) Plaintiff is a citizen of New Jersey. (Notice of Removal ¶ 5.) For purposes of diversity jurisdiction, a corporation is deemed a citizen of every state in which it is incorporated and of the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Rite Aid is

incorporated in Delaware with its principal place of business in Pennsylvania. (Notice of Removal ¶ 6.) Defendant Rite Aid now submits to the Court that, although Plaintiff has not yet served Defendant Maria Rosa, Defendant Maria Rosa was a citizen of New Jersey at the time of the filing of the Complaint. (Proposed Order at 1–2, ECF No. 17.) Diversity jurisdiction is generally based on the circumstances prevailing at the time a lawsuit is filed. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009). Because Plaintiff was not diverse from Defendant Maria Rosa at the time this lawsuit was filed, this Court lacks subject-matter jurisdiction. Therefore, this case must be remanded to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447(c).

## **CONCLUSION**

For the foregoing reasons, Defendant Rite Aid's request to remand this case is granted. An appropriate Order will follow.

Date: <u>November 8, 2019</u>　　　　　　　　　　　　*/s/ Anne E. Thompson*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.